IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ANDREW PAIGE, #277716, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:25-cv-00326 |
| | ) Judge Trauger |
| JAMES M. HOLLOWAY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

State inmate James Paige has filed a pro se action for writ of habeas corpus and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 10.)

### I. APPLICATION FOR PAUPER STATUS

The fee for filing a habeas petition is five dollars. 28 U.S.C. § 1914(a). A proper IFP application includes a declaration that the petitioner is unable to pay the filing fee, accompanied by a certificate from an appropriate jail official showing the amount of money that he has in his inmate trust account. Rule 3(a), Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"). The petitioner's IFP application complies with these requirements and reflects that, at the time of this action's filing, he lacked sufficient financial resources to pay the five-dollar filing fee without undue hardship. Accordingly, the IFP application (Doc. No. 10) is **GRANTED**.

### II. INITIAL REVIEW OF THE PETITION

The petition is now before the court for a preliminary review. *See* Habeas Rule 4. Under Habeas Rule 4, the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)) ("If the

court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). In this case, the petitioner's filings reveal that he is seeking habeas relief from the judgment of the Davidson County Criminal Court in case number 2018-B-1017. (Doc. No. 1 at 1; Doc. No. 1-1; Doc. No. 5; Doc. No. 9.)

However, the petitioner's filings also indicate that direct-review proceedings in state court remain pending. (*See* Doc. No. 1 at 11 (referring to proceedings on a motion for new trial filed by defense counsel on August 30, 2024).) The pendency in the Tennessee Court of Criminal Appeals of the appeal in *State of Tennessee v. James Andrew Paige*, No. M2024-01550-CCA-R3-CD (reviewing the judgment of the Davidson County Criminal Court in case number 2018-B-1017), is confirmed by online records of the Tennessee appellate courts, of which this Court takes judicial notice.[1] *See* https://pch.tncourts.gov/CaseDetails.aspx?id=90349&Party=True (last visited July 24, 2025). These online records reflect that counsel for the petitioner filed his appellate brief on June 12, 2025, but that the state's brief has not yet been filed. *Id.*

"District courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion" of state-court remedies. *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (recognizing courts' "authority to raise and consider the issue of exhaustion *sua sponte*") (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). A state prisoner generally must exhaust all available state court remedies to obtain relief through a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); *Pillow v.*

---

[1] *See* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)).

*Burton*, 852 F. App'x 986, 990 (6th Cir. 2021). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Clinkscale*, 375 F.3d at 437 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

It is the petitioner's burden to show that his state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)). Here, the face of the petition reveals that the petitioner cannot meet this burden, as his case remains pending in the Tennessee Court of Criminal Appeals. Further review of his federal petition is therefore precluded at this time.

### III. CONCLUSION

In light of the foregoing, this action is **DISMISSED WITHOUT PREJUDICE** to the petitioner's ability to file another petition for habeas relief from his state conviction and sentence in the future, after he has exhausted his remedies in state court.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, where a habeas petition is dismissed on procedural grounds, a certificate of appealability will not issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As reasonable jurists would not debate the court's procedural ruling that the petitioner has not exhausted available state court remedies, the court **DENIES** a certificate of appealability. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge