**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES ANDREW PAIGE, #277716,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00326** |
| | ) | **Judge Trauger** |
| **JAMES M. HOLLOWAY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

State inmate James Paige filed a pro se action for writ of habeas corpus on March 21, 2025, challenging the constitutionality of his conviction and sentence in Davidson County Criminal Court case number 2018-B-1017. (Doc. No. 1 at 1; Doc. No. 1-1; Doc. No. 5; *see also* Doc. No. 9 at 1 (requesting the court to "release him from this false imprisonment due [to] an invalid[] judgment under case number 2018-B-1017").)

Upon screening the Petition under Habeas Rule 4, the court dismissed the matter without prejudice for failure to exhaust state remedies because the Petition indicated, and the online records of the Tennessee appellate courts confirmed, that direct-review proceedings in state court remained pending. (Doc. No. 12 (citing *State of Tennessee v. Paige*, No. M2024-01550-CCA-R3-CD, https://pch.tncourts.gov/CaseDetails.aspx?id=90349&Party=True)); *see Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (stating that "[d]istrict courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion") (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (recognizing courts' "authority to raise and consider the

issue of exhaustion *sua sponte*") (citing *Harris v. Rees*, 794 F.2d 1168, 1170 (6th Cir. 1986)). The dismissal order was entered on July 28, 2025.

On November 26, 2025, the petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure "60(b)(1)(6)."[1] (Doc. No. 14.) In the Motion, the petitioner appears to contend that the dismissal of his habeas case was erroneous because the Tennessee Court of Criminal Appeals "is not legally []capable in moving forward in any proceeding due to [a] lack of jurisdiction," so that court is obliged to dismiss with prejudice the appeal that counsel filed on his behalf (*id.* at 8), thus precluding further state court proceedings. However, the Tennessee appellate courts' online docket now shows that, after the Court of Criminal Appeals affirmed the conviction (on June 3, 2026) and allowed appointed counsel to withdraw (on June 15, 2026), the petitioner took up the appeal himself, filing (1) a pro se petition which the Court of Criminal Appeals construed as a petition to rehear, and denied, followed by (2) a July 21, 2026 application for leave to appeal to the Tennessee Supreme Court, which remains pending. https://pch.tncourts.gov/CaseDetails.aspx?id=90349&Party=True (last visited Aug. 20, 2026).

A state prisoner generally must exhaust all available state court remedies to obtain relief through a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); *Pillow v. Burton*, 852 F. App'x 986, 990 (6th Cir. 2021). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

The Tennessee Court of Criminal Appeals has affirmed the judgment against the petitioner in case number 2018-B-1017. However, the matter is now pending before the Tennessee Supreme

[1] Rule 60(b)(1) provides for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect," while subsection (b)(6) applies where there is "any other reason" not named in the preceding five subsections that justifies relief. Fed. R. Civ. P. 60(b). Here, the petitioner does not assert any particular arguments for applying these subsections to his case.

Court, on the petitioner's pro se application for leave to appeal. With that matter pending, and with remedies potentially available to the petitioner under the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-101 *et seq.*, the court cannot find that the petitioner has fully exhausted the claims of the Petition. *See Mealer v. Bell*, No. 3:10-CV-1036, 2010 WL 4788490, at *2 (M.D. Tenn. Nov. 16, 2010) ("A habeas petition should not be considered in federal court when a state appeal or post-conviction motion remains pending.") (citing *Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970)).

Even after state remedies are exhausted, relieving the petitioner from the July 2025 judgment of dismissal and reopening this case would not be appropriate because the dismissal was without prejudice, meaning the case was closed and removed from the court's docket, but without preventing the petitioner from returning to court "within the applicable limitations period" and asserting the same claims in a new habeas action. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (quoting Black's Law Dictionary (7th ed. 1999)); *see Richmond v. Heimgartner*, No. 16-3058-JWL, 2024 WL 4137326, at *1 (D. Kan. Aug. 12, 2024) ("A dismissal without prejudice so that a federal habeas petition[er] may exhaust state-court remedies does not simply pause the federal habeas case; it dismisses it and closes the case. Because the dismissal is 'without prejudice,' the petitioner in such a situation may refile his federal habeas claims in a new action in order to pursue them. It is not the Court's usual practice to reopen the previously dismissed case and proceed therein.").

For these reasons, the petitioner's Motion for Relief from Judgment (Doc. No. 14) and his subsequent motions to amend that Motion (Doc. Nos. 15, 16, 17, and 19) are **DENIED**. This case remains closed.

As reasonable jurists would not debate the court's procedural ruling that the petitioner has not exhausted available state court remedies or shown grounds for reopening this case under Rule 60, the court **DENIES** a certificate of appealability. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge